UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

GERALD HOPKINS-BEY,       )
            Plaintiff,    )
                          )
                          )
v.                        ) CASE NO. 4:97-CV-958 ERW
                          )
                          )
UNITED STATES OF AMERICA, )
            Defendant,    )

**MOTION TO SET ASIDE JUDGEMENT PURSUANT TO RULE 60(b)(6) OF THE FED. CIVIL JUDICIAL PROCEDURE AND RULES.**

   NOW COMES, Gerald Hopkins-Bey, <u>Pro Se</u> and without the assistance of counsel. Movant prays this Honorable Court will liberally construe the pleadings of this pro se litigant and give his motion full and fair consideration in accordance with <u>Haines v. Kerner</u>, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972).
   This Honorable Court has jurisdiction to grant relief per this motion, as this court was the original sentencing court. In addition, this Court has jurisdiction under Fed. Rules Civil Procedure, Rule 60(b)(6) which reads; On motion and upon such terms as are just, the court may relieve a party or a parties legal representative from a final judgement, order, or proceeding for the following reasons.  " 6.  Any other reason justifying relief from the operation of the judgement.  The motion shall be made within a reasonable time. "
   Rule 60(b)(6) has no specific time limitation within which it must be filed, save that it be brought within a "Reasonable time."  Fed. R. Civ. P. 60(b)(6).  The reasonable time standard has been interpreted to depend on the <u>factual circumstances</u> of each case.  <u>Smith v. Sec'y of Health and Human SVCS</u>, 776 F. 2d. 1330, 1333 (6th Cir. 1985).
   Movant, in this motion <u>is not</u> attacking or challenging his underlying conviction or sentence, only the intergrity of his earlier 28 USCS 2255 proceedings.  In <u>Gonzales v. Crosby</u>, 545 U.S. 524, 125 S. Ct. 2641, 2647-50, 162 L. Ed. 2d 480 (2005), the Supreme Court held, " if the motion sought only to correct a defect in the integrity of the Federal habeas proceedings, then it should be allowed to proceed as a Rule 60(b) motion. "
   Movant filed in May 1997, in the District Court, a motion pursuant to Title 28 USCS 2255.  In it Movant raised 11 grounds for collateral relief, along with a request for an evidentiary hearing.  The need for an evidentiary hearing was well grounded, where the District Court Judge was not the presiding Judge who observed the trial.  Thus, he was not familiar with the occurances at the trial.  No disrespect intended.  A trial which lasted eight months.
   On September 8, 2000, District Judge E. Richard Webber filed the courts Memorandum and Order, attached as exhibit A.  In it the court denied Movant an evidentiary hearing.  The Court also procedurally barred Movant from raising grounds 2, 3, 4, 5, 6, 7, 8, 9, 10, and 11.
   The reason the court procedurally barred Movant from raising ground 3 was that it could have been raised on direct appeal.  Also Movant was unable to show cause and and actual prejudice.  See Exhibit B (Issue 3 of Movant's 2255, page 34).  On this page of Movants' original 2255, 3rd paragraph Movant addresses the cause and prejudice test

of <u>Frady</u>. Movants' reason for not bringing up on direct appeal is Movant was unaware of this information until after Movants' direct appeal was decided.

The reason the Court procedurally barred movant from raising ground 4 was that it could have been raised on direct appeal. Also movant was unable to show cause and actual prejudice. See Exhibit C (Issue 4 of movants' 2255, page 38). On this page of Movants' original 2255, 3rd paragraph Movant addresses the cause and prejudice test of <u>Frady</u>. Movants' reason for not bringing it up on direct appeal is Movant was unaware of this information until after Movants' direct appeal was decided.

The information used in grounds 3 and 4 were first discovered when Movant and Jerry Lewis Bey were removed to state custody facing capital murder charges in 1995. So there was <u>NO</u> way these 2 grounds could have been raised on direct appeal, as noted in Exibit B and C.

Movants' motion does not assert any new constitutional claims and does not rely on any newly discovered evidence. It merely asks the district court to vacate its order on the ground that its procedural bar ruling on grounds 3 and 4 was based on the erroneous assumption that these two grounds should have been raised on direct appeal.

FRCP 60(b) is properly invoked in habeas corpus proceeding where there are extraordinary circumstances or where judgement may work extreme and undue hardship, and should be liberally construed when substantial justice will thus be served. <u>Cornell v. Nix</u> (1997, CA8 Iowa 119 F. 3d 1329).

It is only when a petitioner presents a direct challenge to the constitutionality of the underlying conviction that the petition should be treated as a second or succesive habeas petition. But if there is no such direct challenge and the petitioner instead challenges the intergrity of the district court opinion for one of the reasons provided in Rule 60(b), then the district court must treat the motion as one pursuant to Rule 60 (b). <u>In Re Abdur 'Rahman v. Bell, 392 F. 3d 174 (6 th Cir. 2004)</u>.

MOVANT PRAYS this Honorable Court will grant Movant the relief sought in this matter.

RESPECTFULLY, SUBMITTED

*Gerald Hopkins Bey*
GERALD HOPKINS - BEY

**CERTIFICATE OF SERVICE**

I, _Gerald Hopkins-Bey_ hereby certify that I have served a True and Correct copy of the foregoing documents.

Which is deemed filed at the time it was delivered to Prison Authorities for forwarding, (Houston v. Lack, 101 L. Ed. 2d 245) upon the respondent of record by placing same in a sealed, postage prepaid envelope addressed to:

NAME: _Mr. Dean Hoag_
TITLE: _AUSA_
ADDRESS: _111 S. 10th Str, (20th Floor)_
_St. Louis, MO, 63102._

Certified Mail Number _7009 1410 0000 2471 0190_ and deposited same in the United States mail at FCI Memphis, Memphis, Tn., on the _19th_ day of _March_ 2010.

_Gerald Hopkins-Bey_
GERALD HOPKINS-BEY

_2153l-044_              _D-A_
Register Number          Unit

Gerald Herbin BC
2131-044 (DeHA-A)
FCI-Memphis,
P.C. Box 34550,
Memphis, Tn, 38184-0550.

% Clerk of Court

**JUDGE E. RICHARD WEBBER, DISTRICT JUDGE**
EASTERN DISTRICT OF MISSOURI
THOMAS F. EAGLETON U.S. COURTHOUSE
111 SOUTH 10th ST. 3rd FLOOR
ST. LOUIS, MO 63102

7009 2250 0004 2533 8761












