UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GERALD HOPKINS-BEY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:97CV00958 ERW |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**GOVERNMENT'S RESPONSE TO PETITIONER'S MOTION TO
SET ASIDE JUDGMENT PURSUANT TO RULE 60(b)(6)**

COMES NOW the United States of America, by and through its attorneys, Richard G. Callahan, United States Attorney for the Eastern District of Missouri, and Dean R. Hoag, Assistant United States Attorney for said District, and responds to petitioner's motion to set aside judgment pursuant to Rule 60(b)(6), Federal Rules of Civil Procedure, as follows:

**I.   FACTS**

The petitioner was convicted in June of 1993 for violations of the Racketeering Influenced and Corrupt Organizations (RICO) Act, Title 18, United States Code, Section 1962(d), and was sentenced to a life sentence in October 1993.  On November 22, 1995, the United States Court of Appeals for the Eighth Circuit affirmed the convictions and sentences of United States v. Darden, 70 F.3d 1507 (8th Cir. 1995).

Movant filed a Title 28, United States Code, Section 2255 motion in May of 1997 and the Government responded in September

1997. In February 1998, the petitioner filed a reply. On September 8, 2000, this Court denied Petitioner's request for relief. On March 5, 2001, petitioner appealed the order. On April 12, 2002, that appeal was dismissed and a mandate was entered on June 7, 2002.

On November 7, 2002, movant filed a *pro se* Rule 60(b) F.R.C.P. motion requesting this Court vacate its September 8, 2000, judgment denying Section 2255 relief. Petitioner specifically cited Rule 60(b)(5) subsection in support of his position. On April 23, 2004, this Court denied Petitioner's Rule 60(b)(5) motion. On January 31, 2005, the Eighth Circuit Court of Appeals affirmed the district court's denial of petitioner's Rule 60(b)(5) motion.

Petitioner now seeks relief under Rule 60(b)(6), alleging the reviewing court (Webber) improvidently dismissed two grounds of relief (3 and 4). The Court dismissed these issues on the grounds they could have been raised on direct appeal but were not and movant was unable to show (1) "cause that excuses the default," and (2) "actual prejudice" resulting from the errors. In support, movant claims the <u>Brady</u> and Rule 16 violations (3) and (4) were not known to movant until after his appeal was affirmed in 1995.

**II. DISCUSSION**

Petitioner is not entitled to relief under Rule 60(b)(6) of the Federal Rules of Civil Procedure. This Rule calls for relief for the following reasons:

2

>(1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to more for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other conduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied released or discharged or a prior judgment upon which it is based has been reversed or otherwise vacated or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Federal Rules of Civil Procedure Rule 60(b).

Rule 60(b) motions must be made within a reasonable time and subsections (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. Petitioner seeks relief under subsection (6) and courts have determined that relief can be denied when the motion was not timely. "While no express time limit applies to Rule 60(b) motions brought pursuant to subsections (4), (5), and (6), they still must be brought within a 'reasonable time.'" <u>Blumeyer v. United States</u>, 2005 WL 3478508 *2 (E.D.Mo. Dec 20, 2005). The Rule 60(b) motion in <u>Blumeyer</u> was brought more than four years after judgment and was denied as untimely. Petitioner's motion is ten years after the final judgment on September 8, 2000, when this Court filed its Memorandum and Order, and eight years after the mandate was file on petitioner's Section 2255 motion on June 7, 2002. Eight or ten

years are clearly not within a "reasonable time" for filing the Rule 60(b)(6) motion.

It should also be obvious that petitioner is attempting an end run around the successive Section 2255 motion requirements in an attempt to litigate issues that have already been decided. Although petitioner does not allege newly discovered evidence or any new constitutional claims that is clearly the substance of his motion. Relief under Rule 60(b)(6) should be denied as untimely. See Shultz v. Commerce First Financial, 24 F.3d 1023, 1027 (8th Cir. 1994).

WHEREFORE, the Government respectfully requests this Court deny Petitioner's Rule 60(b)(6) motion for relief for the reasons stated above.

>Respectfully submitted,
>
>RICHARD G. CALLAHAN
>United States Attorney
>
>
> s/ Dean R. Hoag
>DEAN R. HOAG, #6426
>Assistant United States Attorney
>111 South 10th Street, Room 20.333
>St. Louis, MO 63102
>(314) 539-6895

**CERTIFICATE OF SERVICE**

    I hereby certify that on May 19, 2010, the foregoing was filed electronically with the Clerk of the Court to be served by mail via the United States Postal Service to the following non-participant(s) in Electronic Case Filing:

    Gerald D. Hopkins
    Reg. NO. 21531-044
    Federal Correctional Institution
    Inmate Mail/Parcels
    P.O. BOX 34550
    Memphis, TN 38134.

                                            s/ Dean R. Hoag
                                            DEAN R. HOAG, #6426
                                            Assistant United States Attorney