UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| GERALD HOPKINS-BEY, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | Case No. 4:97CV00958 ERW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Movant Gerald Hopkins-Bey's ("Movant") Motion to Set Aside Judgment pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure [doc. #60]. On September 8, 2000, the Court denied Movant's Motion under 28 U.S.C. § 2255 to vacate his sentence of life imprisonment for violation of the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1962(c), and for conspiracy to violate the RICO Act, in violation of 18 U.S.C. § 1962(d). In the present Motion, Movant now asks the Court to set aside that ruling.

Movant's Motion is untimely. Federal Rule of Civil Procedure 60(b) provides that district courts "may relieve a party or its legal representative from a final judgment, order, or proceeding" for any of the following six enumerated reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Rule 60(c) states that a party seeking relief under subsection (4), (5), or (6) must bring his motion "within a reasonable time." The particular facts of the case determine what amounts to "a reasonable time," *see United States v. Five Thousand Dollars in U.S. Currency*, 184 F.3d 958, 960 (8th Cir. 1999), and courts considering Rule 60(b)(6) motions generally find that a delay of more than a few years is unreasonable. *See, e.g.*, *Middleton v. McDonald*, 388 F.3d 614, 617 (8th Cir. 2004) (three years before filing motion to set aside dismissal of suit under 42 U.S.C. § 1983 was unreasonable); *Watkins v. Lundell*, 169 F.3d 540, 544 (8th Cir. 1999) (suggesting but not deciding that it was unreasonable to wait seventeen months before moving to set aside a default judgment); *Kellogg v. Strack*, 269 F.3d 100, 104 (2d Cir. 2001) (motion filed twenty-six months after denial of petition under 28 U.S.C. § 2254 was untimely). Here, Movant did not file his Motion until more than nine years after the Court denied his § 2255 Motion – and more than seven years after the Eighth Circuit affirmed that ruling – and the Court concludes that this delay was unreasonable.

Furthermore, Movant fails to give any reason, persuasive or otherwise, to justify the delay. Movant's sole argument in favor of relief from the Court's judgment is that the Court erred in concluding that because Movant failed to raise certain grounds for relief on direct appeal, he was procedurally barred from raising them in his § 2255 Motion. Specifically, Movant asserts that the procedural bar was improper because he was not aware of those grounds for relief until after his direct appeal was decided. Movant could have presented this argument in the context of his § 2255 Motion, however, and in any case, this allegedly erroneous application of the

2

procedural bar does not amount to the "exceptional circumstances" necessary to justify the "extraordinary relief" afforded by Rule 60(b).  *See Jones v. Swanson*, 512 F.3d 1045, 1048 (8th Cir. 2008) (internal quotations and citation omitted).  In sum, it was unreasonable for Movant to wait more than nine years to bring this Motion, and even if the Motion were timely, Movant has failed to present any argument that could conceivably warrant relief under Rule 60(b).

Accordingly,

**IT IS HEREBY ORDERED** that Movant's Motion to Set Aside Judgment pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure [doc. #60] is **DENIED**.

Dated this 31st Day of January, 2011.

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE