UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| GERALD HOPKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:97CV00958 ERW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Gerald Hopkins' Motion for Relief from Final Judgment Orders of May 20, 2003 and January 31, 2011 Pursuant to Rule 60(b)(6), 28 U.S.C. 2255(f)(3) or 2255(h)(2) Respectively [ECF No. 67], and Petitioner Gerald Hopkins' Martin Motion Request for Expedited Judicial Resolution of Petitioner's June 2016 Habeas Corpus Petition Pursuant to 28 U.S.C. 2255(f)(3), 28 U.S.C. 2255(h)(2), 28 U.S.C. 2241 and Rule 60(b)(6) Respectively [ECF No. 69].

In 1993, Petitioner Gerald Hopkins ("Petitioner") was convicted for violations of the Racketeering Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1962(d), and was sentenced to life in prison. Petitioner's conviction was affirmed by the Eighth Circuit Court of Appeals on November 22, 1995. *United States v. Darden*, 70 F.3d 1507 (8th Cir. 1995). Petitioner's motion for relief pursuant to 28 U.S.C. § 2255 was denied September 8, 2000. Since denial of his § 2255 motion, Petitioner has filed at least three motions for relief pursuant to Federal Rule of Civil Procedure ("FRCP") 60, all of which have been denied by this Court.

Again, Petitioner styles this motion as a motion for relief pursuant to FRCP 60(b), even though in substance it is successive habeas motion. Petitioner is not permitted to circumvent the AEDPA's second or successive petition requirements simply by labeling the motion as

1

something other than what it is. *Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005) (pleading labeled as a Rule 60(b) motion that is in substance a habeas petition "should be treated accordingly"). "Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ or error, or an application for a Get-Out-Of-Jail Card; the name makes no difference. It is substance that controls." *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004).

The Supreme Court in *Gonzalez*, clearly resolved this exact situation:

> In some instances a Rule 60(b) motion will contain one or more "claims." For example, it might straightforwardly assert that owing to "excusable neglect," Fed. Rule Civ. Proc. 60(b)(1), the movant's habeas petition omitted a claim of constitutional error, and seek leave to present that claim. Similarly, a motion might seek leave to present "newly discovered evidence," Fed. Rule Civ. Proc. 60(b)(2), in support of a claim previously denied. Or a motion might contend that a subsequent change in substantive law is a "reason justifying relief," Fed. Rule Civ. Proc. 60(b)(6), from the previous denial of a claim. Virtually every Court of appeals to consider the question has held that such a pleading, although labeled a Rule 60(b) motion, is in substance a successive habeas petition and should be treated accordingly. We think those holdings are correct. A habeas petitioner's filing that seeks vindication of such a claim, is, if not in substance, a "habeas corpus application," at least similar enough that failing to subject it to the same requirements would be "inconsistent with the statute."

545 U.S. at 530-531 (internal citations omitted). Petitioner is required to seek permission to file a successive habeas petition from the Eighth Circuit before this Court may consider the motion. 28 U.S.C. § 2255(h).

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Gerald Hopkins' Motion for Relief from Final Judgment Orders of May 20, 2003 and January 31, 2011 Pursuant to Rule 60(b)(6), 28 U.S.C. 2255(f)(3) or 2255(h)(2) Respectively [ECF No. 67] is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner Gerald Hopkins' Martin Motion Request for Expedited Judicial Resolution of Petitioner's June 2016 Habeas Corpus Petition Pursuant to 28

U.S.C. 2255(f)(3), 28 U.S.C. 2255(h)(2), 28 U.S.C. 2241 and Rule 60(b)(6) Respectively [ECF No. 69] is **DENIED**.

So Ordered this 23rd day of February, 2017.

_E. Richard Webber_ (signature)

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE